## STUMPF v STUMPF et

Ohio Appeals, 9th Dist, Summit Co

No 2869. Decided Jan. 20, 1938

· Brouse, Englebeck, McDowell, May & Bierce, Akron, for appellant.

Musser, Kimber & Huffman, Akron, for appellee.

## OPINION

By STEVENS, PJ.

On July 1, 1932, at a street intersection in the city of Barberton, Ohio, a collision occurred between the automobile driven by appellant herein, who was plaintiff below and who will be hereinafter so designated, and an automobile belonging to appellee herein, and driven by his minor son. Said appellee · was one of the defendants below. but will be hereinafter designated merely as defendant. As a result of that collision, plaintiff and his minor daughter, a passenger in plaintiff's automobile, were both injured, and the automobile of plaintiff was virtually demolished.

Because of plaintiff's injuries so sustained, he was taken to the hospital and there treated, and within a very short time discharged therefrom. He was confined to his home for four or five days after said collision; whereupon he resumed his employment as assistant foreman in the foundry of the Babcock & Wilcox Co.

At the hospital and thereafter, plaintiff was treated by a Dr. Smallman, the treatments continuing until July 15, 1932.

Among the injuries sustained by plaintiff was an injury to his left shoulder and arm, concerning which he made complaint to his attending physician. At the instance of his physician and of the defendant, the latter a physician and brother of the plaintiff, plaintiff was examined by another physician, Dr. Conn of Akron, Ohio.

After certain preliminary negotiations between the plaintiff and the agents for the insurance company carrying the liability coverage upon defendant's automobile, an agreement was reached whereby $800 was paid in settlement of the claim of plaintiff's minor daughter, Mary Jane, against the defendant; $200 was paid to plaintiff ostensibly for settlement of his claim and that of his wife for loss of services of the · daughter, and for expenses incurred in connection with the injuries arising from said collision; and $400 was paid the plaintiff for property damage and bodily injuries sustained by plaintiff in said collision.

The settlement of the daughter's claim was accomplished through an application addressed to the Probate Court by plaintiff, as guardian for said minor daughter. The plaintiff executed a blanket release in consideration of the payment to him of $400.

Thereafter, a petition was filed by the plaintiff against the defendant who is appellee here, and another defendant not now before this court, said petition containing two causes of action: the first for the recovery of damages for personal injury and property damage, and the second, equitable in nature, seeking the cancellation of the $400 and $200 releases signed

# 480

by plaintiff, for the reason that the same were executed by reason of mistake.

The matter came on for hearing before the trial court, and the second cause of action alone was presented to that court—namely, that dealing with the cancellation of the releases in question. After a somewhat comprehensive hearing, the trial court denied plaintiff's application to cancel said releases and dismissed plaintiff's petition in toto.

Appeal upon questions of law and fact brings the matter into this court for consideration.

It is not claimed by plaintiff that a fraud was perpetrated upon him in inducing the execution of the releases in question. It is, however, the claim of the plaintiff that he was mistaken as to the nature, extent and permanency of the injury to his shoulder, and that if the agents of the insurance company were aware of the probable serious consequences attendant upon an injury of that kind, they did not reveal that fact to the plaintiff, and thereby a concealment of a material fact was accomplished which entitles the plaintiff to a cancellation of the releases.

A reading of the transcript of the evidence indicates that the plaintiff was aware of the injury to his left shoulder and arm; it is further evident that plaintiff was mistaken in his estimate of the nature, extent and probable permanency of his injury at the time he signed said releases, and that the extent of said injury could not at that time be definitely determined. We are unable to find from the record, however, that such mistake was due to anything which was said or done by the defendant, or his agents, considering the insurance company as his agent.

In the face of the information possessed by him, and without being misled or without material facts being concealed by the defendant, plaintiff elected to execute a release of all of his claims for the consideration of $400. His position now is, at least as we understand it, that by reason of the fact that his injuries have turned out to be more serious than he anticipated at the time of the execution of the release, he was therefore mistaken, and that such mistaken assumption upon his part warrants the cancellation of the release upon the ground of mistake.

We do not so understand the law.

Numerous cases have been cited by the plaintiff dealing with the cancellation of realeases where the plaintiffs have been led into mistaken beliefs as to the nature, extent and permanency of their injuries, by reason of representations made to them by doctors employed by the defendants, which representations were either predicated upon erroneous information, lack of examination, or fradulent intent. Those cases do not seem to us to be parallel with the situation presented in the case at bar, or determinative of the case under consideration.

It is the general rule that, in order to set aside a release upon the ground of mistake, the mistake must be mutual, and must be proved by clear and convincing evidence. As to the mutuality of the mistake, some dicta is contained in the cases cited by plaintiff which might tend to indicate that a release may be set aside where the mistake is unilateral. A careful examination of those cases, however, indicates that, where the releases were set aside, that was done upon the ground of mutual mistake.

It would indeed be a dangerous doctrine, fraught with serious consequences, were courts to lightly order the cancellation of contractual obligations of parties without the required quantum of proof, and it is the judgment of this court that plaintiff in this case has fallen short of the degree of proof required to set aside these releases upon the ground of mutual mistake.

A decree may be prepared the same as that entered in the trial court, dismissing the petition of the plaintiff at his costs.

WASHBURN, J., and DOYLE, J, concur in judgment.